

**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Peachie L. Jones**
Municipal Attorney

December 12, 2022

Hon. Elizabeth Wolford
Chief United States District Judge
100 State Street
Rochester, New York 14614

Hon. Frank Geraci, Jr.
United States District Judge
100 State Street
Rochester, New York 14614

Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

Hon. Mark W. Pederson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

> Re:  <u>Identical Discovery Issues and Assignment of Related Dog Cases</u>
> *Anniszkiewicz v. City of Rochester* (20-cv-6629)(FPG)(MWP)
> *Barnes v. City of Rochester* (22-cv-6524)
> *Cox v. City of Rochester* (22-cv-6207)(FPG)(MJP)
> *Dempsey v. City of Rochester* (19-cv-6780)(EAW)(MWP)
> *Gursslin v. City of Rochester* (20-cv-6508)(EAW)(MJP)
> *McGill v. City of Rochester* (22-cv-6523)
> *Preston v. City of Rochester* (22-cv-6525)

Dear Judges Wolford, Geraci, Payson, Pederson:

I represent the City of Rochester Defendants in the above cases, each of which involves the shooting of a pet dog by a Rochester Police Department officer. I write to request that, due to factual and legal similarity of the claims in these cases, they all be assigned to the same magistrate judge for the duration of discovery.[1]

---

[1] Defendants raised this issue via email and then discussed it with Plaintiff last week. Plaintiff declined to directly state consent or opposition to this request.

Phone: 585.428.7992      Fax: 585.428.6950      TTY: 585.428.6054      EEO/ADA Employer

While litigating *Anniszkiewicz v. City of Rochester* (20-cv-6629), *Dempsey v. City of Rochester* (19-cv-6780), and *Gursslin v. City of Rochester* (20-cv-6508), the parties have encountered identical discovery issues across these cases.[2]

For example, in November 2022, Plaintiff moved to extend the discovery deadline, to strike portions of Defendants' Rule 26 Supplemental Disclosure, and to compel production of audit logs and outstanding Body Worn Camera videos in *Gursslin* before Judge Pedersen [20-cv-6508, ECF 36]— and then raised those exact issues ten days later with Judge Payson in *Dempsey* [19-cv-6780] after Defendants had requested an informal conference on an unrelated discovery matter.

While the parties' submissions reference the related cases, Defendants write to expressly inform the Court that the same issues are currently before two Magistrate Judges, with a conference with Judge Pederson regarding the *Gursslin* motion on Wednesday, December 14.

In order to prevent further duplication of work by the judges, judicial staff, and the parties— and to eliminate the risk of different decisions on these discovery matters—Defendants propose that the same magistrate judge be assigned to all seven dog cases. Defendants would, of course, accept any other method amenable to the Court that address the concerns outlined herein.

Defendants also distinguish this request from Plaintiff's August 24, 2020 request to assign all cases to the same district court judge. *Anniszkiewicz* (20-cv-6629), ECF 3. The context of the cases differ sufficiently enough to justify different district judges. It is the overlapping and at times indistinguishable discovery disputes that concern Defendants.

Respectfully,

PEACHIE L. JONES
Municipal Attorney
p: (585) 428-7992
Peachie.Jones@CityofRochester.gov

---

[2] Some of these have arisen, because the parties also agreed to share the *Monell*-related discovery among *Anniszkiewicz, Dempsey,* and *Gursslin. See e.g., Dempsey* (19-cv-6780), Stipulated Protective Order, ECF 45-1, ¶ 7.2.