## Exhibit to January 20, 2023 letter

*Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP)
*Gursslin* v. *City of Rochester*, 20-cv-6508 (EAW)(MJP)
*Anniszkiewicz* v. *City of Rochester*, 20-cv-6629 (FPG)(MWP)
*Cox* v. *City of Rochester*, 22-cv-6207 (FPG)(MJP)

## Dempsey – Monell demands that were served and responded to:

First Set of RFPs – March 10, 2021

II.    DOCUMENTS RELATED TO OTHER DOG SHOOTING INCIDENTS AND
PERSONNEL / DISCIPLINARY RECORDS

30.    All documents identified in the Interrogatories served contemporaneously herewith.
Please be sure to specify which documents explain, support or supplement each Interrogatory
response.

31.    All records regarding every Incident where an RPD officer shot a dog from January 1,
2004 to present.

32.    Produce all body worn camera recordings for every incident where an RPD officer
discharged a firearm at a dog since the RPD started wearing body worn cameras, including but
not limited to incident nos.: 17-0563, 17-0843, 17-1067, 17-1077, 18-0209, 18-0367, 18-0638,
18-0782.

33.    All records regarding every Incident where an RPD officer used force against a dog,
other than a gunshot, from January 1, 2004 to present.

34.    Produce all firearm discharge reports for all the Officer Defendants and Other Identified
Officers, from the beginning of their employment to present.

35.    Produce all records related to every Other Identified Incident in the possession of the City
and/or RPD.

36.    For the IAPro System used by Rochester Police Department, please provide any
attachment, logs, routings, tasks, timescales and usage logs generated that reference any of the
Officer Defendants and Other Identified Officers.

37.    For the IAPro System used by Rochester Police Department, please provide any
attachment, logs, routings, tasks, timescales and usage logs generated that reference any of the
Other Identified Incidents.

38.    Produce the complete Professional Standards Section file for every allegation that any RPD officer trespassed or unlawfully entered property, from January 1, 2008 to present.

39.    Produce all documents maintained by the CITY and/or RPD regarding the number of dogs encountered by officers on residential property from January 1, 2004 to present.

40.    Produce all documents from any State or Federal lawsuit alleging that RPD Officers shot or otherwise injured a dog, without justification.

41.    Produce all documents from any State or Federal lawsuit alleging that RPD Officers trespassed on or unlawfully entered a residential property.

42.    Produce all documentation regarding RPD officers who were injured by dogs during law enforcement activities from 2008 to present.

43.    All Body Worn Camera recordings for every incident where an RPD officer discharged a firearm at a dog from when RPD officers began wearing body worn cameras to present, including, but not limited to: 17-0563, 17-0843, 17-1067, 17-1077, 18-0209, 18-0367, 18-0638, 18-0782, and the shooting of Taz the dog on February 10, 2021 at 171 Randolph Street, Rochester, NY 14621.

44.    All communications between the RPD and/or CITY and the Rochester Police Locust Club regarding any incident where a pet dog was shot or hurt from January 1, 2008 to present.

45.    All communications between the RPD and/or CITY and the Rochester Police Locust Club regarding any incident where an officer was accused of having trespassed / unlawfully entered a property from January 1, 2008 to present.

46.    All communications between the RPD and/or CITY and the Rochester Police Locust Club regarding any incident where an officer discharged his or her firearm from January 1, 2008 to present.

III.    RPD TRAINING AND POLICIES

47.    All documents reflecting any policy or training identified in response to interrogatories.

48.    Produce the document, "Guidelines for After-Action Reviews and After-Action Review Technical Guidance"

49.    All versions of General Order 415 from January 1, 2008 to present.

50.    All training records for the Individual Defendants, including all Training After Action Reports.

51.    All training and policy documents regarding entry into residential properties.

52.    All training and policy documents regarding "exigent circumstances" to enter and/or search property.

53.     All training and policy documents regarding the entry onto and/or search of the curtilage around a dwelling and/or other privately-owned land.

54.     All defensive tactics training manuals utilized by the RPD between 2008 and present, including, but not limited to the Defensive Tactics Training Manual for Public Safety Officers published by the Public Safety Training Facility of Monroe Community College, and written by Guy A. Rossi and the PSTF staff.

55.     All training and policy documents concerning the discharge of firearms.

56.     All training materials regarding how to safely interact with dogs while engaging in law enforcement activities.

57.     All training documents, legal updates and/or instructions to police officers following the Second Circuit's decision in Carroll v. County of Monroe, 712 F.3d 649 (2d Cir. 2013).

58.     All training documents, legal updates and/or instructions to police officers regarding entry into fenced-in yards / a property's curtilage, from January 1, 2008 to present.

59.     All training documents, legal updates and/or instructions to police officers regarding discharging firearms at dogs, from January 1, 2008 to present.

60.     All documents in the possession of the City and/or RPD regarding the estimated number of residential properties with dogs in the City of Rochester, from January 1, 2008 to present.

61.     All documents in the possession of the City and/or RPD regarding the estimated number of residential properties with unlicensed dogs, from January 1, 2008 to present.

62.     All training materials regarding dog behavior from January 1, 2008 to present.

63.     All "Defensive Tactics Training" materials regarding interactions with dogs from January 1, 2008 to present.

Second Set of RFPs – August 5, 2022

1.     For every BWC recording related to every incident where an RPD shot at a dog,

produce all associated metadata, including audit trail logs.

2.     Produce all records and BWC recordings of any dog shooting incident from

January 1, 2021 to present.

3.     Produce the email sent by Joseph Laiosa to Lt Pancoe referenced on COR 01288.

3

4.     Produce the text message sent by Joseph Laiosa to Lt Tordai referenced on COR 01288.

5.     Produce all notes, reports, and any other written records created by any RPD member related to CR 2021-00273883. For any digital records, produce said records electronically in their native format with metadata intact.

6.     Produce all incident reports and other records related to the four dogs that RPD Sergeant Joseph Perrone has shot in his career.

7.     Produce all incident reports and other records related to the four dogs that RPD Sergeant Brian Cala has shot in his career.

8.     Produce all incident reports and other records related to every incident where RPD officer Breen shot a dog, including incident nos.  2018-00175299 and 2018-00312631.

9.     Produce all incident reports and other records related to every incident where RPD officer Celenato shot a dog, including incident nos.  2020-00023354 and 2020-00082217.

10.     Produce all incident reports and other records related to every incident where RPD officer T. Jones shot a dog, including incident nos.  2020-0082740 and 2021-00167110.

11.     Produce all incident reports and other records related to every incident where RPD officer Laureano shot a dog, including incident nos.  2020-00151628, 2015-00075296, and 2021-00189988.

12.     Produce all incident reports and other records related to every incident where RPD officer Leach shot a dog, including incident nos.  2020-000325660 and 2021-00182525.

13.     Produce all emails, text messages, and other communications regarding this incident, that were sent or received by the Individual Defendants or any other member of the Rochester Police Department, or employee or agent of the City of Rochester.

14.     Produce all RPD policies regarding the requirement to fill out an incident report, unusual occurrence report and/or firearm discharge report after an officer fires their service weapon.

15.     Produce any and all training and/or legal updates provided by the City and/or RPD to its officers regarding the Second Circuit's decision in *Harris v. O'Hare*, 770 F.3d 224 (2d Cir 2014).

16.     Produce all training received by the Individual Defendants at the police academy regarding how to safely interact with dogs.

17.     Produce all documents obtained by the City in response to any subpoena that has been issued.

First Set of Requests for Admission – August 5, 2022

**REQUEST TO ADMIT NO. 8:**

Admit that in February 2017, Christopher Fitzgerald, the City's director of animal services, told a reporter from the Democrat and Chronicle that "The city of Rochester estimates that the 4,200 to 4,500 dog licenses it issues each year account for just 10 percent of the actual canine population." See Dempsey 2560-2563, available at: https://www.democratandchronicle.com/story/news/2017/02/21/webster-holds-dog-census-after-two-decades/98199722/.

**REQUEST TO ADMIT NO. 9:**

Admit that Mr. Fitzgerald's statement to the Democrat and Chronicle in Request for Admission # 8 was accurate at the time it was made.

**REQUEST TO ADMIT NO. 10:**

Admit that the City and/or RPD never provided any legal updates or training to RPD officers regarding the Second Circuit's decision in *Harris v. O'Hare*, 770 F.3d 224 (2d Cir 2014).

...

**REQUEST TO ADMIT NO. 18:**

Admit that after Gorman graduated from the police academy, he did not receive any training regarding how to safely interact with dogs.

**REQUEST TO ADMIT NO. 19:**

Admit that after Gorman finished his field training, he did not receive any training regarding the requirements to lawfully enter a residential property.

**REQUEST TO ADMIT NO. 20:**

Admit that the City and RPD do not require officers to receive any annual mandatory training, other than firearms training.

**REQUEST TO ADMIT NO. 21:**

After the incident, Algarin's supervisors, including Sergeant Jason Rudolph, reviewed Algarin's BWC recording and determined that all of his actions were consistent with the RPD's policies and training.

## <u>DEMPSEY – SERVED BUT NOT YET RESPONDED TO</u>

Plaintiff's First set of Interrogatories to the City, served November 16, 2022

Interrogatories 1-6 (out of 11):

1.     For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, identify by date and criminal report number every incident that each officer will "speak to … in which dogs have been shot while they were officers at RPD."

2.     For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, detail the substance of what each officer will "speak to" regarding each incident identified in response to interrogatory no. 1.

3.      For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, identify by date and criminal report number every incident where the officer shot a dog.

4.      For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, identify by date and criminal report number every incident where the officer witnessed another officer shoot a dog.

5.              For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, identify every training attended by each officer regarding interactions with dogs, including but not limited to the Humane Society training provided in 2014 and any subsequent Humane Society training. For each training, state the date on which said officer attended the training, where the training was held, the name of the instructor, and the name of the organization who sponsored and/or developed the training.

6.              Identify any of the agents or officers of defendant City identified in response to Interrogatory No. 1 who were subject to any disciplinary proceedings as a result of their actions in shooting a dog.

Plaintiff's Third Set of RFPs, November 16, 2022

18.      For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, produce all records of other dog shooting incident that they will "speak to … in which dogs have been shot while they were officers at RPD."

19.      For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, produce all attendance records for any in service training related to interactions with dogs.

20.    For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, produce all records of "RPD training regarding interaction with dogs" from the trainings that each of said officers attended.

21.    For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, produce all records for any police academy training related to interactions with dogs.

22.    For every police officer listed on the City's November 1, 2022 supplemental rule 26 disclosures, produce all incident reports and other records related to any dog shooting incidents where the officers have shot a dog, from the beginning of their career to present.

Dempsey outstanding depositions:

Served but not held:

    Rule 30(b)(6) deposition
    Sergeant Jason Rudolph
    Reno DiDomenico
    Jason Horowitz (RPD officer who was a witness to the incident)

Not yet served:

    Rule 30(b)(6) on City of Ithaca
    Craig Spencer – Director of Animal Control, Elmira Police Department (taught the October 20, 2017 Aggressive Dog Training Course, see https://www.linkedin.com/in/craig-spencer-11b05237/)
    Joseph Perrone
    Joseph Laiosa

# Gursslin – Monell demands that were served and responded to:

1st Set of RFPs, Served February 10, 2021

II.     DOCUMENTS RELATED TO OTHER DOG SHOOTING INCIDENTS AND
        PERSONNEL / DISCIPLINARY RECORDS

47.     All documents identified in the Interrogatories served contemporaneously herewith.
Please be sure to specify which documents explain, support or supplement each Interrogatory
response.

48.     All records regarding every Incident where an RPD officer shot a dog from January 1,
2004 to present.

49.     Produce all body worn camera recordings for every incident where an RPD officer
discharged a firearm at a dog since the RPD started wearing body worn cameras, including but
not limited to incident nos.: 17-0563, 17-0843, 17-1067, 17-1077, 18-0209, 18-0367, 18-0638,
18-0782.

50.     All records regarding every Incident where an RPD officer used force against a dog,
other than a gunshot, from January 1, 2004 to present.

51.     Produce all firearm discharge reports for all the Officer Defendants and Other Identified
Officers, from the beginning of their employment to present.

52.     Produce all records related to every Other Identified Incident in the possession of the City
and/or RPD.

53.     For the IAPro System used by Rochester Police Department, please provide any
attachment, logs, routings, tasks, timescales and usage logs generated that reference any of the
Officer Defendants and Other Identified Officers.

54.     For the IAPro System used by Rochester Police Department, please provide any
attachment, logs, routings, tasks, timescales and usage logs generated that reference any of the
Other Identified Incidents.

55.     Produce the complete Professional Standards Section file for every allegation that any
RPD officer trespassed or unlawfully entered property, from January 1, 2008 to present.

56.     Produce all documents maintained by the CITY and/or RPD regarding the number of
dogs encountered by officers on residential property from January 1, 2004 to present.

57.     Produce all documents from any State or Federal lawsuit alleging that RPD Officers shot
or otherwise injured a dog, without justification.

58.    Produce all documents from any State or Federal lawsuit alleging that RPD Officers trespassed on or unlawfully entered a residential property.

59.    Produce all documentation regarding RPD officers who were injured by dogs during law enforcement activities from 2008 to present.

III.    RPD TRAINING AND POLICIES

60.    All documents reflecting any policy or training identified in response to interrogatories.
61.    All SWAT training records for the Individual Defendants, including all Training After Action Reports.
62.    All training and policy documents regarding entry into residential properties.
63.    All training and policy documents regarding the entry onto and/or search of the curtilage around a dwelling and/or other privately-owned land.
64.    All defensive tactics training manuals utilized by the RPD between 2008 and present, including, but not limited to the Defensive Tactics Training Manual for Public Safety Officers published by the Public Safety Training Facility of Monroe Community College, and written by Guy A. Rossi and the PSTF staff.
65.    All training and policy documents concerning the discharge of firearms.
66.    All training materials regarding how to safely interact with dogs while engaging in law enforcement activities.
67.    All training documents, legal updates and/or instructions to police officers following the Second Circuit's decision in Carroll v. County of Monroe, 712 F.3d 649 (2d Cir. 2013).
68.    All training documents, legal updates and/or instructions to police officers regarding entry into fenced-in yards / a property's curtilage, from January 1, 2008 to present.
69.    All training documents, legal updates and/or instructions to police officers regarding discharging firearms at dogs, from January 1, 2008 to present.
70.    All training documents, legal updates and/or instructions to SWAT officers regarding entry into fenced-in yards / a property's curtilage, from January 1, 2008 to present.
71.    All training documents, legal updates and/or instructions to SWAT officers regarding discharging firearms at dogs, from January 1, 2008 to present.
72.    All documents in the possession of the City and/or RPD regarding the estimated number of residential properties with dogs in the City of Rochester, from January 1, 2008 to present.
73.    All documents in the possession of the City and/or RPD regarding the estimated number of residential properties with unlicensed dogs, from January 1, 2008 to present.
74.    All training materials regarding dog behavior from January 1, 2008 to present.
75.    All "Defensive Tactics Training" materials regarding interactions with dogs from January 1, 2008 to present.
76.    All SWAT "Standard Operating Procedures Manuals" in effect between January 1, 2008 to present.
77.    All RPD policy and training materials for the RPD's Special Weapons and Tactics ("SWAT") team regarding the planning and execution of "no-knock" a/k/a "nighttime" warrants.
78.    Produce all RPD policy and training materials for the RPD's Special Operations Division regarding the planning and execution of "no-knock" a/k/a "nighttime" warrants..

79.    TO the extend not covered above all training that KELLEY AND NELLIST received regarding interactions with dogs.

1st ROGs to Kelly / Nellist, served February 10, 2021:

7.    Describe all training you have received regarding interactions with dogs while performing your duties as a police officer.

8.    Describe all training you have received regarding entering into fenced-in residential properties while performing your duties as a police officer.

Second set of RFPs – July 19, 2022:

1.    Produce the email sent by Joseph Laiosa to Lt Pancoe referenced on COR 01288.

2.    Produce the text message sent by Joseph Laiosa to Lt Tordai referenced on COR 01288.

3.    Produce all notes, reports, and any other written records created by any RPD member related to CR 2021-00273883. For any digital records, produce said records electronically in their native format with metadata intact.

4.    Produce all incident reports and other records related to the four dogs that RPD Sergeant Joseph Perrone has shot in his career.

5.    Produce all incident reports and other records related to the four dogs that RPD Sergeant Brian Cala has shot in his career.

6.    Produce all incident reports and other records related to every incident where RPD officer Breen shot a dog, including incident nos.  2018-00175299 and 2018-00312631.

7.    Produce all incident reports and other records related to every incident where RPD officer Celenato shot a dog, including incident nos.  2020-00023354 and 2020-00082217.

8.    Produce all incident reports and other records related to every incident where RPD officer T. Jones shot a dog, including incident nos.  2020-0082740 and 2021-00167110.

9.     Produce all incident reports and other records related to every incident where RPD officer Laureano shot a dog, including incident nos.  2020-00151628, 2015-00075296, and 2021-00189988.

10.     Produce all incident reports and other records related to every incident where RPD officer Leach shot a dog, including incident nos.  2020-000325660 and 2021-00182525.

11.     Produce all SWAT training and policy documents and/or materials for SWAT Snipers regarding planning and/or choosing their Final Operating Position.

12.     Produce the "Pre-Warrant execution plan" and all other SWAT team documents relating to the planning and execution of the of the search warrants for the following incidents:

a.   2013-00344072

b.   2014-00079766

c.   2015-00048886

d.   2015-00144836

e.   2016-40005694

f.   2017-00064121

g.   2019-00112182

h.   2019-00178495

i.   2020-00151628

j.   2020-00271539

k.   2021-00189988

l.   2018-00012682

13.     Produce all RPD policies regarding the requirement to fill out an incident report, unusual occurrence report and/or firearm discharge report after an officer fires their service weapon.

## Gursslin – served and not yet responded to:

ROGs to the City re Supplemental Rule 26 disclosures – Nov. 7, 2022

1.     For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, identify by date and criminal report number every incident that each officer will "speak to … in which dogs have been shot while they were officers at RPD."

2.     For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, detail the substance of what each officer will "speak to" regarding each incident identified in response to interrogatory no. 1.

3.     For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, identify by date and criminal report number every incident where the officer shot a dog.

4.     For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, identify by date and criminal report number every incident where the officer witnessed another officer shoot a dog.

5.     For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, identify every training attended by each officer regarding interactions with dogs, including but not limited to the Humane Society training provided in 2014 and any subsequent Humane Society training. For each training, state the date

on which said officer attended the training, where the training was held, the name of the instructor, and the name of the organization who sponsored and/or developed the training.

Third set of RFPs – November 7, 2022:

    1.    For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records of other dog shooting incident that they will "speak to … in which dogs have been shot while they were officers at RPD."

    2.    For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all attendance records for any in service training related to interactions with dogs.

    3.    For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records of "RPD training regarding interaction with dogs" from the trainings that each of said officers attended.

    4.    For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records for any police academy training related to interactions with dogs.

    5.    For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all incident reports and other records related to any dogs that those officers have shot while on duty as a police officer.

Fourth set of RFPs – December 20, 2022 (per the court's order)

1.    Produce the "view history" metadata for the following incidents:

a.    Dempsey v City et al., 19-cv-6780 (EAW) (MWP)
Officer Javier Algarin:
https://www.dropbox.com/s/es8vv8ot97awplm/00883_81677220181019170748_0018.MP4?dl=0

b.    Cox v City et al., 22-cv-6207 (FPG)(MJP)
Officer Dakota Vanbrederode
https://www.dropbox.com/s/6cb7ws9dre3kd5d/00222_81678720210210201720_0006.MP4?dl=0

c.    Anniszkiewicz v City et al., 20-cv-6629 (FPG)(MWP)
Officer Brian Cala:
https://www.dropbox.com/s/38lntkd5p67cnvh/00507_BC109420180610114152_0004.MP4?dl=0

d.    McGill v. City et al., 22-cv-6523
https://www.dropbox.com/s/8v5clgzz5lx631j/00471_81735920210802002233_0001.MP4?dl=0

e.    Preston v City et al., 22-cv-6525
Mitchell Leach:
https://www.dropbox.com/s/hmgseccpsilxca4/01240_81735320200214143041_0005.MP4?dl=0

f.    Barnes v. City et ano, 22-cv-06524
Whitney Celentano:
https://www.dropbox.com/s/x36ux5wi16jb7cf/00152_WC211920200201185048_0002.MP4?dl=0

g.    21-135129:
https://www.dropbox.com/s/9nyiln6cpzlasf4/01030_BC251220210716054635_0004.MP4?dl=0

2.    Produce the training roster for 2014 in-service "Bite Prevention" training.

3.    Produce the training roster for the 2019 roll call "Bite Prevention" training.


2nd Set of Interrogatories, per the Court's order, served January 11, 2023

    1.    State whether each of the 87 officers listed in defendants supplemental Rule 26

disclosures (listed again below) read the incident report(s) in which they were listed as being

involved as either the shooter, a witness, or the supervisor:

    1.  Aaron Eyrich
    2.  ▪ Adam Gorman
    3.  ▪ Adam Radens
    4.  ▪ Benjamin Caruso
    5.  ▪ Bernard McDonald
    6.  ▪ Bing Reaves
    7.  ▪ Bradley Pike

8. ▪ Brandon Contreras
9. ▪ Brandon Glowdowski
10. ▪ Brandon Ince
11. ▪ Brett Sobieraski
12. ▪ Brian Cala
13. ▪ Charles Burgoon
14. ▪ Christopher Renz
15. ▪ Connor Edwards
16. ▪ Corey Clark
17. ▪ Dakota Vanbrederode
18. ▪ Daniel Celiberti
19. ▪ Dave Swain
20. ▪ David Williams
21. ▪ Derek Sterling
22. ▪ Eric Alexander
23. ▪ Evan Kalpin
24. ▪ Francis Acrhetko
25. ▪ Geoffrey Quinn
26. ▪ Gregory Bello
27. ▪ James Breen
28. ▪ James F. Ingerick
29. ▪ Jason Rudolph
30. ▪ Javier Algarin
31. ▪ Jennifer Trenton
32. ▪ Jeremey Nellis
33. ▪ Jeremy Robinson
34. ▪ Joel Hasper
35. ▪ John Rivera
36. ▪ Jonathan Laureano
37. ▪ Joseph Laiosa
38. ▪ Joseph Perrone
39. ▪ Joseph Vanderstyne
40. ▪ Josh Kelly
41. ▪ Josh Lewis
42. ▪ Josiah Harris
43. ▪ Justin Stewart
44. ▪ Justin Whitmore
45. ▪ Kaitlyn Turner
46. ▪ Kenneth Pinckney
47. ▪ Kevin Cummings
48. ▪ Kevin Flannigan
49. ▪ Korey McNees
50. ▪ La'Tasia Lee
51. ▪ Laura Grande
52. ▪ Lt. Richard Waldo
53. ▪ Lucas Roberts

54. ▪ Mahogany Timmons
55. ▪ Mark Lee
56. ▪ Mark Wiater
57. ▪ Matthew Cushman
58. ▪ Matthew Webster
59. ▪ Michael Dimauro
60. ▪ Micheal Collins
61. ▪ Micheal D. Horn
62. ▪ Micheal Diehl
63. ▪ Micheal Nicholls
64. ▪ Micheal Nollis
65. ▪ Mitchell Leach
66. ▪ Nicholas Adams
67. ▪ Nickolas Isler
68. ▪ Nickolas Romeo
69. ▪ Nicole Tamburello-Conway
70. ▪ Patrick Farrell
71. Patrick Steiner
72. ▪ Paul Ricotta
73. ▪ Rich Arrowood
74. ▪ Robert Osipovitch
75. ▪ Rodney Watson
76. ▪ Ryan Hickey
77. ▪ Ryan Romig
78. ▪ Ryan Tauriello
79. ▪ Samuel Lucyshyn
80. ▪ Scott Ferro
81. ▪ Jennifer Trenton
82. ▪ Tito Batson
83. ▪ Trevor Jones
84. ▪ Troy Shelnut
85.  Veronica Sanchez
86.  Whitney Celentano
87. William Gallagher

2.      For each of the 87 officers listed in defendants supplemental Rule 26 disclosures

(listed again in interrogatory No. 1), state whether the officers recall any additional information

about the incident(s) in question for which they were listed in the incident report as being

involved as either the shooter, a witness, or the supervisor.

3.      For every officer who recalls additional information about any indecent listed in

interrogatories No. 1 and 2, detail all of the additional information said officer recalls.

Gursslin Monell Depositions:

Eric Alexander – Thursday, February 16, 2023

Ryan Romig – Friday, February 17, 2023

Jonathan Laureano – Friday, February 24, 2023

# **Anniszkiewicz – Served and responded to:**

1St set of RFPs, January 26, 2022

II.    DOCUMENTS RELATED TO OTHER DOG SHOOTING INCIDENTS AND PERSONNEL / DISCIPLINARY RECORDS

33.    All documents identified in the Interrogatories served contemporaneously herewith. Please be sure to specify which documents explain, support or supplement each Interrogatory response.
34.    All records produced in Dempsey v. City of Rochester et al., 19-cv-6780.
35.    All records produced in Gursslin v. City of Rochester et al., 20-cv-6508.
36.    All records produced in Strong v. Perrone, No. 17-CV-6183-FPG.
37.    The complete personnel and disciplinary files for Defendant CALA.
38.    The complete personnel and disciplinary files for Defendant TRENTON.
III.    RPD TRAINING AND POLICIES

39.    All records produced in Dempsey v. City of Rochester et al., .
40.    All records produced in Gursslin v. City of Rochester et al., 20-cv-6508 (other than SWAT related documents).
41.    All records produced in Strong v. Perrone, No. 17-CV-6183-FPG.
42.    All training documents, legal updates and/or instructions to police officers following the Second Circuit's decision in Carroll v. County of Monroe, 712 F.3d 649 (2d Cir. 2013).
43.    Any and all policies of the regarding the safe handling of dogs encountered during law enforcement activities that were in effect from June 10, 2012 to present.
44.    All training that CALA and TRENTON received regarding the safe handling of dogs encountered during law enforcement activities.
45.    All training that CALA and TRENTON received regarding the legal requirements to enter fenced-in residential properties.
46.    All firearms training received by CALA.
47.    All training received by CALA regarding use of force against dogs.
48.    All versions of Training Bulletin P-78-17 in effect from June 10, 2012 to present.


Interrogatories to Trenton, January 26, 2022:

2.      Describe all training provided to you by the City and/or RPD regarding interacting with dogs that you encounter on residential properties while performing your duties as a police officer.

3.      Describe all training provided to you by the City and/or RPD regarding entering fenced-in residential properties while performing your duties as a police officer.

Interrogatories to Cala, January 26, 2022:

3.      Describe all training provided to you by the City and/or RPD regarding interacting with dogs that you encounter on residential properties while performing your duties as a police officer.

4.      Describe all training provided to you by the City and/or RPD regarding entering into fenced-in residential properties while performing your duties as a police officer.

Interrogatories to the City, January 26, 2022:

3.      Did the City and/or RPD ever provide any of the free training referenced in paragraph 87 of the Complaint to its police officers? This training includes:

        a.      U.S. Department of Justice, through its Community Oriented Policing Services (COPS) Learning Portal, in conjunction with the Center for Public Safety and Justice (CPSJ) Institute of Government and Public Affairs at the University of Illinois, provided (and continues to provide) free training videos and manuals to law enforcement officials and the general public regarding how to safely interact with dogs while engaging in law enforcement activities. See, e.g., https://cops.usdoj.gov/html/dispatch/12-2013/police_and_dog_encounters.asp

4.      Describe in detail all changes to the RPD's policies, practices and training that were implemented in response to the Second Circuit's decision in Carroll v. County of Monroe, 712 F.3d 649 (2d Cir. 2013), to ensure that officers did not shoot and kill pet dogs.

5.      Describe in detail the policy implemented by the City / RPD regarding the safe handling of dogs encountered during law enforcement activities.

6.      Describe in detail the training provided by the City / RPD to its officers regarding the safe handling of dogs encountered during law enforcement activities.


Third Set of RFPs, served November 8, 2022:

2.      Produce the PSS investigative files for every dog shooting incident from January 1, 2013 to present, including but not limited to:
a.      2022-00088233
b.      2021-00189988

c.      2021-00182525
d.      2021-00171271
e.      2021-00167110
f.      2021-00153129
g.      2021-00025684
h.      2020-00269976
i.      2020-00271539
j.      2020-00183239
k.      2020-00151628
l.      2020-00082740
m.      2020-00082217
n.      2020-000325660
o.      2020-00023354
p.      2019-00297233
q.      2019-00258580
r.      2019-00189267
s.      2019-00178495
t.      2019-00112182
u.      2019-00015118
v.      2018-00312631
w.      2018-00308639
x.      2018-00276909
y.      2018-00258730
z.      2018-00219768
aa.     2018-00175299
bb.     2018-00146235
cc.     2018-00136420
dd.     2018-00090117
ee.     2018-00053628
ff.     2018-00012682
gg.     2017-00289005
hh.     201700279676
ii.     2017-00231172
jj.     2017-00144877
kk.     2017-00118125
ll.     2017-00064121
mm.     2016-00243206
nn.     2016-00211842
oo.     2016-00203461
pp.     2016-00095015
qq.     2016-00075932
rr.     2016-40005694
ss.     2016-00000487
tt.     2015-00321079
uu.     2015-00259826
vv.     2015-00144836

ww.     2015-00138082
xx.     2015-00132677
yy.     2015-00075296
zz.     2015-00048886
aaa.    2015-00047252
bbb.    2015-00033923
ccc.    2015-00012001
ddd.    2015-00007872
eee.    2014-00307756
fff.    2014-00311017
ggg.    2014-00278557
hhh.    2014-00176643
iii.    2014-00079766
jjj.    2014-00063157
kkk.    2014-00018067
lll.    2013-00365546
mmm.    2013-00344072
nnn.    2013-00339297

3.      Produce the PSS investigative files for every dog shooting incident where the below police officers either shot a dog, or witnessed a fellow officer shoot a dog:
a.      Aaron Eyrich
b.      ▪ Adam Gorman
c.      ▪ Adam Radens
d.      ▪ Benjamin Caruso
e.      ▪ Bernard McDonald
f.      ▪ Bing Reaves
g.      ▪ Bradley Pike
h.      ▪ Brandon Contreras
i.      ▪ Brandon Glowdowski
j.      ▪ Brandon Ince
k.      ▪ Brett Sobieraski
l.      ▪ Brian Cala
m.      ▪ Charles Burgoon
n.      ▪ Christopher Renz
o.      ▪ Connor Edwards
p.      ▪ Corey Clark
q.      ▪ Dakota Vanbrederode
r.      ▪ Daniel Celiberti
s.      ▪ Dave Swain
t.      ▪ David Williams
u.      ▪ Derek Sterling
v.      ▪ Eric Alexander
w.      ▪ Evan Kalpin
x.      ▪ Francis Acrhetko
y.      ▪ Geoffrey Quinn

z.      ▪ Gregory Bello
aa.     ▪ James Breen
bb.     ▪ James F. Ingerick
cc.     ▪ Jason Rudolph
dd.     ▪ Javier Algarin
ee.     ▪ Jennifer Trenton
ff.     ▪ Jeremey Nellis
gg.     ▪ Jeremy Robinson
hh.     ▪ Joel Hasper
ii.     ▪ John Rivera
jj.     ▪ Jonathan Laureano
kk.     ▪ Joseph Laiosa
ll.     ▪ Joseph Perrone
mm.     ▪ Joseph Vanderstyne
nn.     ▪ Josh Kelly
oo.     ▪ Josh Lewis
pp.     ▪ Josiah Harris
qq.     ▪ Justin Stewart
rr.     ▪ Justin Whitmore
ss.     ▪ Kaitlyn Turner
tt.     ▪ Kenneth Pinckney
uu.     ▪ Kevin Cummings
vv.     ▪ Kevin Flannigan
ww.     ▪ Korey McNees
xx.     ▪ La'Tasia Lee
yy.     ▪ Laura Grande
zz.     ▪ Lt. Richard Waldo
aaa.    ▪ Lucas Roberts
bbb.    ▪ Mahogany Timmons
ccc.    ▪ Mark Lee
ddd.    ▪ Mark Wiater
eee.    ▪ Matthew Cushman
fff.    ▪ Matthew Webster
ggg.    ▪ Michael Dimauro
hhh.    ▪ Micheal Collins
iii.    ▪ Micheal D. Horn
jjj.    ▪ Micheal Diehl
kkk.    ▪ Micheal Nicholls
lll.    ▪ Micheal Nollis
mmm.    ▪ Mitchell Leach
nnn.    ▪ Nicholas Adams
ooo.    ▪ Nickolas Isler
ppp.    ▪ Nickolas Romeo
qqq.    ▪ Nicole Tamburello-Conway
rrr.    ▪ Patrick Farrell
sss.      Patrick Steiner

ttt.    ▪ Paul Ricotta
uuu.    ▪ Rich Arrowood
vvv.    ▪ Robert Osipovitch
www.    ▪ Rodney Watson
xxx.    ▪ Ryan Hickey
yyy.    ▪ Ryan Romig
zzz.    ▪ Ryan Tauriello
aaaa.    ▪ Samuel Lucyshyn
bbbb.    ▪ Scott Ferro
cccc.    ▪ Jennifer Trenton
dddd.    ▪ Tito Batson
eeee.    ▪ Trevor Jones
ffff.    ▪ Troy Shelnut
gggg.    Veronica Sanchez
hhhh.    Whitney Celentano
iiii.    William Gallagher

1st Set of RFAs served June 28, 2022:

**REQUEST TO ADMIT NO. 5:**

Admit that the RPD does not maintain a policy requiring officers to consider using less lethal options like pepper spray when they feel threatened by a dog they encounter on residential property.

**REQUEST TO ADMIT NO. 5:**

Admit that the RPD does not maintain a policy requiring officers to preserve and/or maintain any written notes they take regarding their activities during the course of a workday.

**REQUEST TO ADMIT NO. 6:**

Admit that when the RPD issued P78-17, it did not hold and/or require any concomitate training regarding encounters with dogs about that policy.

**REQUEST TO ADMIT NO. 7:**

Admit that when a residential property is completely enclosed with a fence, that is a sign that a dog might reside at the property.

**REQUEST TO ADMIT NO. 8:**

Admit that in February 2017, Christopher Fitzgerald, the City's director of animal services, told a reporter from the Democrat and Chronicle that "The city of Rochester estimates that the 4,200 to 4,500 dog licenses it issues each year account for just 10 percent of the actual canine population." See Dempsey 2560-2563,  available at:

https://www.democratandchronicle.com/story/news/2017/02/21/webster-holds-dog-census-after-two-decades/98199722/.

**REQUEST TO ADMIT NO. 9:**

Admit that Mr. Fitzgerald's statement to the Democrat and Chronicle in Request for Admission # 8 was accurate at the time it was made.


## Anniszkiewicz – Served and not responded to:

Second Set of RFPs, served June 20, 2022

1.     Produce all attendance records for every RPD officer who attended the 2014 in-service training held at the Public Service Training Facility at 1190 Scottsville Road in Rochester, NY.

2.     Produce all training certificates provided to every RPD officer who attended the 2014 in-service training held at the Public Service Training Facility at 1190 Scottsville Road in Rochester, NY.

3.     Produce the curriculum vitae and/or all training and qualifications for Reno D. Domenico regarding safe interactions with dogs during law enforcement activities.

4.     Produce all records that show every RPD officer who received the December 2019 roll call training where the "Dog Bite Prevention for Law Enforcement" was presented.

5.     Produce all records that show who presented the "Dog Bite Prevention for Law Enforcement" PowerPoint at the December 2019 roll call.

6.     Produce all records that show the training and qualifications regarding safely interacting with dogs during law enforcement activities for every person who presented the "Dog Bite Prevention for Law Enforcement" PowerPoint at the December 2019 roll call.

7.    Produce all Incident Reports, Firearm Discharge Reports, PSS records, Body Worn Cameras and all other records and communications regarding the four other incidents where Defendant Brian Cala shot a dog, as described in his response to Interrogatory No. 2.

8.    Produce the Body Worn Camera recordings for the following dog shooting incidents: 2021-00153129, 2021-00167110, 2021-00171271, 2021-00182525, 2021-00189988, 2022-00088233.

9.    Produce all Incident Reports, Firearm Discharge Reports, PSS records, and all other records and communications for the following dog shooting incidents: 2021-00153129, 2021-00167110, 2021-00171271, 2021-00182525, 2021-00189988, 2022-00088233.

10.   Produce all Incident Reports, Firearm Discharge Reports, PSS records, Body Worn Cameras and all other records and communications regarding every incident where an officer discharged a firearm at a dog from May 1, 2021 to present.


Second Set of RFAs, served January 10, 2023:

**REQUEST TO ADMIT NO. 1:**

Admit that the Professional Standards Section has never investigated any incident where an RPD officer discharged his or her firearm at a dog, other than the November 30, 2016 incident at 130 Rockview Terrace, incident no. CR 16-309350, which was investigated under PSS# 2016-0974 and PSS #2016-0679, as detailed in documents Bates No. Dempsey 244-580.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 1**

If your response to Request to Admit No. 1 was anything but an unqualified admission, identify the incident that was investigated by incident/CR number, and PSS number.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 1**

If your response to Request to Admit No. 1 was anything but an unqualified admission, provide all documents related to said investigation(s).

**REQUEST TO ADMIT NO. 2:**

Admit that the only reason the Professional Standards Section investigated the November 30, 2016 incident that occurred at 130 Rockview Terrace, incident no. CR 16-309350, PSS# 2016-0974 and PSS #2016-0679 (Bates No. Dempsey 244-580), is because a person was shot.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 2**

If your response to Request to Admit No. 2 was anything but an unqualified admission, identify every other reason that PSS investigated the November 30, 2016 incident that occurred at 130 Rockview Terrace, incident no. CR 16-309350, which was investigated under PSS# 2016-0974 and PSS #2016-0679 (Bates No. Dempsey 244-580).

**REQUEST TO ADMIT NO. 3:**

Admit that the Professional Standards Section never reviewed any incident report from any of the incident numbers listed Plaintiff's Third Request for Production of Documents to determine if the RPD officers who discharged their firearms at dogs complied with the RPD's policies, rules, and/or training.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 3**

If your response to Request to Admit No. 3 was anything but an unqualified admission, identify the incident reports that were reviewed.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 3**

If your response to Request to Admit No. 3 was anything but an unqualified admission, provide all documents related to said review(s).

**REQUEST TO ADMIT NO. 4:**

Admit that the Professional Standards Section never reviewed any body worn camera recordings from any of the incident numbers listed in defendants' supplemental Rule 26 disclosures and Plaintiff's Third Request for Production of Documents, to determine if the RPD

officers who discharged their firearms at dogs complied with the RPD's policies, rules, and/or training.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 4**

If your response to Request to Admit No. 4 was anything but an unqualified admission, identify the body worn camera recordings (by incident number, officer name and IBM number and date of incident) that were reviewed.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 4**

If your response to Request to Admit No. 4 was anything but an unqualified admission, provide all documents related to said review(s).

**REQUEST TO ADMIT NO. 5:**

Admit that the Professional Standards Section never interviewed any RPD officer involved in any of the incident numbers listed in Plaintiff's Third Request for Production of Documents, to determine if the RPD officers who discharged their firearms at dogs complied with the RPD's policies, rules, and/or training.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 5**

If your response to Request to Admit No. 5 was anything but an unqualified admission, identify the officer(s) who were interviewed, the date of said interview, the incident number and date of incident for which they were interviewed, and who conducted the interview.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 5**

If your response to Request to Admit No. 5 was anything but an unqualified admission, provide all documents related to said interview(s).

**REQUEST TO ADMIT NO. 6:**

Admit that the Professional Standards Section never interviewed any RPD officer listed by name in defendants' supplemental Rule 26 disclosures and Plaintiff's Third Request for Production of Documents, other than the officers involved in incident no. CR 16-309350, which was investigated under PSS# 2016-0974 and PSS #2016-0679 (Bates No. Dempsey 244-580), to determine if the RPD officers who discharged their firearms at dogs complied with the RPD's policies, rules, and/or training.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 6**

If your response to Request to Admit No. 6 was anything but an unqualified admission, identify the officer(s) who were interviewed, the date of said interview, the incident number and date of incident for which they were interviewed, and who conducted the interview.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 6**

If your response to Request to Admit No. 6 was anything but an unqualified admission, provide all documents related to said interview(s).

**REQUEST TO ADMIT NO. 7:**

Admit that no RPD officer has ever been disciplined in any way for discharging his or her firearm at a dog.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 7**

If your response to Request to Admit No. 7 was anything but an unqualified admission, identify the officer(s) who were disciplined and describe in detail the discipline imposed.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 7**

If your response to Request to Admit No. 7 was anything but an unqualified admission, provide all documents related to said discipline.

**REQUEST TO ADMIT NO. 8:**

Admit that no RPD officer has ever been required to receive additional or remedial training because he or she discharged a firearm at a dog.

**INTERROGATORY RE. REQUEST TO ADMIT NO. 8**

If your response to Request to Admit No. 7 was anything but an unqualified admission, identify the officer(s) who received the additional training, the date the training occurred, and the name of the instructor, the length of the training, the location of the training.

**DOCUMENT REQUEST RE. REQUEST TO ADMIT NO. 8**

If your response to Request to Admit No. 7 was anything but an unqualified admission, provide all documents related to said training.

**Anniszkiewicz *Monell* Depositions:**
Not yet noticed: Corey Clark (Sergeant who completed the incident report)


# Cox – Demanded but not yet produced

1st Set of RFPs, served December 15, 2022

1.      Produce the incident report for every incident where an RPD officer discharged their firearm at a dog from May 6, 2022 to present.

2.      Produce all Body Worn Camera recordings for every incident where an RPD officer discharged their firearm at a dog from May 6, 2022 to present.


**Cox Depositions – Not yet noticed:**

Sergeant Benjamin Caruso;
Ethan Paszko and
Connor Brock

# Monell PAPER DISCOVERY THAT HAS NOT YET BEEN SERVED:

Interrogatories on the officers in Dempsey, Cox

Any post deposition demands for officers who have not yet been deposed

RFP to the City, and Document subpoena to Craig Spencer for all documents related to the "Aggressive Dog Training Course" on October 20, 2017, held at Alfred State College, which was attended by several RPD officers.