

**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Peachie L. Jones**
Municipal Attorney

August 9, 2023

Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

Hon. Mark W. Pederson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

        Re: Defendants' Response to Plaintiffs' August 9 Request for a Conference
        *Dempsey v. City Of Rochester*, 19-cv-6780 (EAW)(MWP)
        *Gursslin v. City of Rochester*, 20-cv-6508 (EAW)(MJP)
        *Anniszkiewicz v. City of Rochester*, 20-cv-6629 (FPG)(MWP)
        *Cox v. City of Rochester*, 22-cv-6207 (FPG)(MJP)
        *McGill v. City of Rochester*, 22-cv-6523 (EAW)(MWP)
        *Barnes v. City of Rochester*, 22-cv-6524 (EAW)(MJP)
        *Preston v. City of Rochester*, 22-cv-6525 (EAW)(MJP)

Dear Judge Payson and Judge Pederson:

    Defendants defer to the Court to determine whether a conference would be helpful in deciding any/all the issues raised by Plaintiffs. Defendants respectfully request, however, that any conference occur after their counsel returns to the office. As Plaintiffs are aware, Defendants' counsel Peachie Jones will be out of the office on a pre-planned vacation from Thursday, August 10 through Tuesday, August 15, 2023.

    To assist the Court in deciding whether a conference is an effective and efficient use of time and resources, Defendants have briefly responded to the issues herein. Defendants will more fully explain and document their position in opposition to any motion.

### 1. Officer Leach Deposition

    Defendants never confirmed Officer Leach's deposition on August 9 and are not refusing to attend a deposition. This is nothing more than a scheduling issue.

    Plaintiffs' counsel Mr. Shields noticed and/or subpoenaed twelve depositions on May 24, 2023. The parties then exchanged over fifty emails between May 24 and Friday, August 4 in scheduling only

half of those depositions. For each deposition, Ms. Jones has confirmed (to Plaintiff's counsel) her availability and that of the relevant officer. For Officer Leach, Ms. Jones confirmed her availability on June 9, but said the officer had yet to confirm. The parties next communicated about Officer Leach's deposition on Monday, August 7, when Mr. Shields sought to confirm the depositions of Officers Celentano and Leach. Ms. Jones replied that she was not planning to have Officer Leach's deposition on Wednesday, and asked if she had confirmed the deposition. The parties then unsuccessfully attempted to arrange the deposition of Officer Leach for various days in August. After Ms. Jones subsequently emailed that she could not produce her witness on Wednesday, August 9 (and again asked to reschedule), and Mr. Shields advised Ms. Jones that the deposition would proceed.

**2. Disclosure of Taser Training**

No changes to the scope of the 30(b)(6) are warranted.

Defendants agree that the substance of the taser training is an acceptable topic of questioning in the 30(b)(6) deposition. It relates to topic 1(g) and 2, which Defendants have agreed to prepare its witness to address. (See Joint Letter Requesting a Conference regarding the Scope of the 30(b)(6) Deposition, *Dempsey* (19-cv-6780), ECF 68, pg. 2.)

However, much like topics 6, 8, 11, 13, and 14 that related to management, storage, and production of City records, the specifics of why the taser training was produced on August 9 is not an appropriate subject for the 30(b)(6) deposition. During a conference regarding the scope of the 30(b)(6) deposition, Judge Payson suggested—and the parties subsequently agreed—that Plaintiffs [would] withdraw topics 6, 8, 10, 11, 12, 13, and 14, and instead produce a list of outstanding discovery to Defendants. If the parties could not resolve the outstanding discovery issues themselves, Judge Payson offered to provide further guidance to the parties. (See Plaintiff's Request for a Conference regarding the 30(b)(6) Deposition, *Dempsey* (19-cv-6780), ECF 74, pg. 2 ("The parties drafted a stipulation and have agreed on all terms except for one.");[1] Defendants' Response to Plaintiff's Request for a Conference, *Dempsey* (19-cv-6780), ECF 76, pg. 8, fn.12[2]) Plaintiffs previously withdrew topics 6, 8, 11, 13, and 14, so they may not now appeal to the Court pursuant to those topics.

---

[1] The same letter can be found at *Preston* (22-cv-6525), ECF 22.

[2] The same letter can be found *Preston* (22-cv-6525), ECF 24.

Facts about management, storage, and production do not bear on municipal liability for the pled claims, and Plaintiff should not be permitted to reintroduce previously-withdraw topics at this late hour.

Additionally, Defendants did not believe that the taser training was responsive to Plaintiff's *Monell* requests, but opted to produce it in light of the upcoming 30(b)(6) deposition.

Even if the parties disagree on its responsiveness, this situation does not merit sanctions. It is not true that Plaintiff would have asked nineteen officers about the contents of the taser training. One, Plaintiffs know that not all Rochester Police Department officers carry tasers. Second, Plaintiffs declined (on at least one occasion) to ask an officer about taser training after the officer reported being authorized to carry a taser. Defendants also note that the taser training occurred in December 2022, meaning it did not occur prior to multiple police officer depositions—or to any of the incidents in these seven cases.

Defendants are available to discuss these matters should the Court so desire, and we thank the Court for Their ongoing patience and consideration in these cases.

Sincerely,

*[signature]*
PEACHIE L. JONES
Municipal Attorney