Exhibit S

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

CHERYL COX,

                        Plaintiff,

-against-       22-cv-6207 (FPG)(MJP)

THE CITY OF ROCHESTER, DAKOTA VANBREDERODE,

                        Defendants.

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

      Pursuant to Rules 26 and 33, of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of New York, Plaintiff CHERYL COX, acting through her undersigned counsel, answer and object as follows to Defendants' First Set of Interrogatories to Plaintiff:

**GENERAL OBJECTIONS**

      1.     By responding to any request or producing any document, Plaintiff does not waive any objections as to such request or document with respect to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action, of the response.

      2.     Plaintiff objects to each and every Interrogatory and Document Request to the extent that it seeks information privileged from disclosure under the law, whether based on the attorney-client, attorney work product, physician-patient privilege, and/or any other legally cognizable privilege.  To the extent documents have been withheld based on an asserted privilege, Plaintiff will produce a privilege log so long as it is not unduly burdensome to do so.

      3.     Plaintiff objects to each and every Interrogatory and Document Request to the extent that it seeks records and information that are in the possession, custody and control of

Defendants. Particularly, Plaintiff objections to each Interrogatory and Document Request that seeks records and information that Plaintiff has demanded from Defendants, and that Defendants have objected to and refused to produce in response to Plaintiff's discovery demands.

4. Plaintiff objects to each and every Interrogatory and Document Request to the extent that it seeks records and information that is publicly available and equally accessible to Defendants, such as government reports, news articles, and published statistics.

5. Plaintiff reserves his right to correct, clarify or supplement his responses to these demands. Plaintiff further reserves his right to supplement or amend any objections made herein at any time before the trial of this action.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all litigation or legal, judicial, administrative, or arbitral proceedings in which Plaintiff is or has been a witness or party, including the name and number of the case, the court or administrative agency before which the case was pending, a brief description of the nature of the case, and the year in which the matter was pending.

**Answer**: Objection, irrelevant, overboard, and seeks information that would constitute an unwarranted invasion of personal privacy.

**Interrogatory No. 2:** Identify every pet (or companion animal) owned or fostered by Plaintiff in the past ten years. Include in your answer the name of the pet (or companion animal), the type of animal and specific breed, period of possession, and whether the animal was owned or fostered.

**Answer**: Plaintiff owns two other dogs: a Shiatzu named Cosmoe, who she got in June 2018; and a pittbull, which is Taz's daughter, named Mocha, who was born in May 2021.

**Interrogatory No. 3:** Identify all policy-level employees or official(s) of the City of Rochester whose action(s) Plaintiff alleges caused the (allegedly unconstitutional) shooting of the

dog Taz.

**Answer**: Plaintiff objects to this demand because plaintiff's Monell claims allege that policy-level employees and/or officials of the City and RPD were deliberately indifferent to the need to provide RPD officers with additional training, supervision and discipline; it is based on the inaction of the "City" and not any individual official.

**Interrogatory No. 4:** Identify all City policy-makers who, prior to the death of Taz, were aware of the alleged practice or usage that RPD officers shoot dogs that officers encountered during their law enforcement duties.

**Answer**: Plaintiff cannot answer this interrogatory because Taz was not killed.

**Interrogatory No. 5:** Identify any/all written policy that Plaintiff alleges authorized or caused the (allegedly unconstitutional) shooting of dog Taz.

**Answer**: Plaintiff objects to this demand because plaintiff's *Monell* claims allege that policy-level employees and/or officials of the City and RPD were deliberately indifferent to the need to implement additional written policies. Subject to and without waiving said objections: GO 340 and the lack of any requirement that officers complete an incident report when they discharge their firearm at a dog.

**Interrogatory No. 6:** List all of Plaintiff's "property damage, monetary losses, as well as other damages" that resulted from the incident in the Complaint. Include in the list Plaintiff's view of the monetary value of each.

**Answer**: See estimate to repair porch by AP Decked Out, in the amount of $4,040.00, Bates No. Cox 1; veterinary hospital bill for surgery and other treatment related to the gunshot wound, in the amount of $3,052.38, Bates No Cox 13; mental, emotional, and psychological damages, in an amount to be determined as fair and reasonable by a jury;  violation of civil

3

rights, in an amount to be determined as fair and reasonable by a jury; fear of the police.

**Interrogatory No. 7:** List all of Plaintiff's Social Media accounts. Include in the list Plaintiff's handle/account name, the Social Media platform, and whether Plaintiff posted anything on the platform about the circumstances in the Complaint.

**Answer**:  Facebook: Cheryl Tenise; Instagram: mscox76.


Dated:        May 5, 2023
                 New York, New York

                                    ROTH & ROTH LLP

                                    ~//s//~
                                    Elliot Dolby Shields, Esq.
                                    *Attorneys for Plaintiff*
                                    192 Lexington Ave, Suite 802
                                    New York, New York 10016
                                    Ph: (212) 425-1020


To:      Peachie Jones, Esq. (via email)