# ROCHESTER POLICE DEPARTMENT
## TRAINING BULLETIN

| Issue Date: 05/30/2019 | Rescinds: NEW | T.B.# L-65-19 |
|---|---|---|
| **Subject:** Warrantless Searches on Curtilage | | Page:1 of 2 |

A May 29, 2018, United States Supreme Court (USSC) decision in regards to the case **Collins v. Virginia** overturned a Virginia State Court of Appeals affirmation that a warrantless search was legal.

An Officer of the Albemarle County Police Department, without a warrant, walked to the top of a driveway at a private residence and looked under a tarp to determine whether the motorcycle under it was stolen. The motorcycle was stolen and an individual charged (Collins).

The State courts had ruled that the search was legal based upon the automobile exemption to the search warrant law.

The USSC disagreed based upon previous USSC decisions.

"Like the automobile exception, the Fourth Amendment's protection of curtilage has long been black letter law. "[W]hen it comes to the Fourth Amendment, the home is first among equals." (Florida v. Jardines, 569 U. S. 1, 6 (2013)). "At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Ibid. (quoting Silverman v. United States, 365 U. S. 505, 511 (1961)). To give full practical effect to that right, the Court considers curtilage – "the area 'immediately surrounding and associated with the home" – to be "part of the home itself for Fourth Amendment purposes." Jardines, 569 U. S., at 6 (quoting Oliver v. United States, 466 U. S. 170, 180 (1984)). "The protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home, both physically and psychologically, where privacy expectations are most heightened." (California v. Ciraolo, 476 U. S. 207, 212–213 (1986)).

When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred. Jardines, 569.
U. S., at 11. Such conduct thus is presumptively unreasonable absent a warrant." In determining that the motorcycle was in an area considered "curtilage," the Supreme Court noted that it was parked in an area of the driveway that sat beyond the front perimeter to the house, and which was enclosed on three sides. The Court specifically noted that the motorcycle was "parked in the portion of the driveway beyond where a neighbor would venture[.]" Collins, 138 S. Ct. at 1670-1671, and 1673 n. 3.

Based upon this ruling and consistant with Rochester Police Department (RPD) practices in the past, searches will not be conducted around the curtilage of property without a warrant unless a qualified exemption exists.

See the attached definitions and exemptions from G.O. 415, Search/Seizures: By Dynamic Entries, Search Warrant, Arrest Warrant, Without Warrant, that apply to this case. Read G.O. 415 in its entirety for list of all exemptions to the search warrant rule.

**COR 001200**

**General Order 415**
**Section 1. Definitions**

**F. Reasonable Expectation of Privacy:** A reasonable expectation of privacy exists when a person has exhibited an actual (or "subjective") expectation of privacy, and that expectation is one that society is prepared to recognize as "reasonable."

**G. Search:** A search is defined as any activity by a government official (including a police officer) that invades any area in which a person has a reasonable expectation of privacy. This includes, but is not limited to, a physical entry into an area, location, or item; a visual inspection or surveillance into a private area without an actual physical entry; an auditory interception or overhearing of communications on a communications device such as a telephone; and viewing data on a computer or similar device. A search deals with a person's privacy rights and can occur regardless of whether any items are actually seized or taken by the police.

**H. Search Warrant Rule:** In order to be reasonable and hence lawful, every search or seizure by the police must be completed with a search warrant, or under one of the specific recognized exceptions to the search warrant requirement.

## APPENDIX I
## EXCEPTIONS TO THE SEARCH WARRANT REQUIREMENT

### D. AUTOMOBILE EXCEPTION
An automobile may be searched without a warrant if there is probable cause to believe that there is evidence in the vehicle. This is the one exception where probable cause alone supplies the justification to conduct a warrantless search (Carroll v. United States). Unlike the search incident to arrest, the automobile exception allows an officer to search the entire automobile, not just the interior, as long as there is probable cause to believe evidence may be located where the officer is looking. The search under this exception cannot exceed the scope of the probable cause. It also allows for the search of all containers and items contained in the motor vehicle if probable cause exists for these containers. The automobile exception applies to all types of mobile, motorized wheeled vehicles (e.g. motor homes, etc. - California v. Carney).

### H. OPEN FIELDS EXCEPTION
Buildings, homes, yards, and their "curtilage" are protected by the Constitution (Oliver v. United States). A yard is generally designated by the limits of the area where the grass is mowed or by the existence of a fence.

The exact extent of the "curtilage" is dependant upon:
1. The proximity of the area to the house
2. Whether the area is within any enclosure surrounding the house
3. The nature and use of the area, and
4. Steps the owner takes to protect the area from observation

Open fields, woods, and pastures outside the curtilage area are <u>not</u> protected by the Constitution unless they are fenced or signs have been posted to exclude intruders. In cases where no fences or "No Trespassing" signs are present or there are no other overt demonstrations by the owner that the owner has an expectation that members of the public should not enter upon the land, officers may search areas beyond the curtilage of a home without a warrant because those "open fields" are not areas where society recognizes a legitimate expectation of privacy (People v. Scott, People v. Reynolds).