UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES DEMPSEY and LEONA DEMPSEY,

                              Plaintiffs,

        -against-

THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, "JOHN DOE" RPD OFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,

                              Defendants.

CASE NO.: 19-cv-6780 (MJP)


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION "TO TRY THE CASE IN TWO PHASES", WHICH IS NOTHING MORE THAN AN IMPROPER MOTION FOR RECONSIDERATION OF JUDGE HOLLAND'S DECISION DENYING THEIR MOTION FOR BIFURCATION**


                                                ROTH & ROTH, LLP
                                               Elliot D. Shields
                                               *Attorneys for Plaintiff*
                                               192 Lexington Avenue, Suite 802
                                               New York, New York 10016
                                               (212) 425-1020
                                               eshields@rothandrothlaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. i
TABLE OF AUTHORITIES ........................................................................................................ ii
PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 1
   I.    DEFENDANTS' MOTION IS A DISGUISED AND UNTIMELY MOTION FOR RECONSIDERATION .......................................................................................................... 1
   II.   DEFENDANTS FAIL TO SATISFY—OR EVEN ADDRESS—THE STANDARD FOR RECONSIDERATION .......................................................................................................... 2
      A.   Governing Standard ........................................................................................................ 2
      B.   Defendants Do Not—and Cannot—Meet the Standard .................................................. 3
   III.   ALLOWING DEFENDANTS' MOTION WOULD UNDERMINE FINALITY AND JUDICIAL ECONOMY .......................................................................................................... 4
   IV.   IV. EVEN IF CONSIDERED ON THE MERITS, DEFENDANTS' REQUEST FOR A "TWO-PHASE" TRIAL SHOULD BE DENIED ................................................................ 5
      A.   Any Concerns About Volume Can Be Addressed Through Ordinary Trial Management Tools ................................................................................................................................ 5
          1.   Deposition Testimony Can Be Read in Lieu of Calling Numerous Officers Live ..... 5
          2.   The Court Has Broad Discretion to Impose Reasonable Limits on Live Witnesses .. 6
          3.   Defendants' Witness List Invites Trial by Ambush and Must Be Curtailed .............. 7
      B.   Phasing Is Unnecessary Where Reasonable Evidentiary Limits Will Suffice ................ 7
CONCLUSION .............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Granoff, Walker & Forlenza, P.C.,* No. 11 Civ. 4178 [DAB], 2012 U.S. Dist. LEXIS 66050, 2012 WL 1659186, at 1 [SDNY May 9, 2012] .................................................. 3
*Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2020 WL 2833008, at *1 (W.D.N.Y. June 1, 2020) ........................................................................................................... 3
*Dempsey v. City of Rochester*, No. 6:19-CV-06780 CDH, 2025 WL 3291822, at *9 (W.D.N.Y. Nov. 26, 2025) ...................................................................................................... 1, 4
*Dobrosmylov v. DeSales Media Grp., Inc.*, No. 19-cv-5122, 2021 WL 2779303, at *5 (E.D.N.Y. July 2, 2021) ............................................................................................................ 4
*Duane v. Spaulding & Rogers Manuf. Inc.*, No. 92-CV-305, 1994 WL 494651 at *1 (N.D.N.Y. Aug. 10, 1994) ........................................................................................................... 3
*Funk v. Belneftekhim*, 2021 WL 3774196 (E.D.N.Y. Aug. 25, 2021) ....................................... 1, 4
*Meehan v. Brookliv LLC*, 2022 WL 523545 (E.D.N.Y. Feb. 21, 2022) ......................................... 2
*Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991) ..................................................................................................... 3
*Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994) ........................................................................................ 3, 4
*Peterson v. Syracuse Police Dep't,* 467 Fed. App'x 31, 35 [2d Cir. 2012] .................................... 3

**Statutes**

Fed. R. Civ. P. 42(b) ..................................................................................................................... 1
Fed. R. Civ. P. 59(e) ..................................................................................................................... 2
Fed. R. Evid. 403 .......................................................................................................................... 8
Fed. R. Evid. 602 .......................................................................................................................... 7
Fed. R. Evid. 611 .................................................................................................................. 2, 6, 8
Fed. R. Evid. 801–805 .................................................................................................................. 7

**PRELIMINARY STATEMENT**

Defendants' motion to conduct the trial in "two phases" is nothing more than an impermissible attempt to relitigate an issue that has already been fully briefed, argued, and decided. *Dempsey v. City of Rochester*, No. 6:19-CV-06780 CDH, 2025 WL 3291822, at *9 (W.D.N.Y. Nov. 26, 2025). Judge Holland denied Defendants' motion to bifurcate trial under Fed. R. Civ. P. 42(b) after extensive analysis, expressly rejecting the same prejudice, efficiency, and evidentiary arguments Defendants now repackage under the label of trial "phasing."

Courts in this Circuit consistently hold that successive motions seeking the same relief—regardless of how styled—are properly construed as motions for reconsideration and denied unless the stringent reconsideration standard is met. Defendants do not even attempt to satisfy that standard here. They identify no intervening change in law, no new evidence, and no clear error or manifest injustice. Their motion should therefore be denied on that basis alone.

**ARGUMENT**

**I.      DEFENDANTS' MOTION IS A DISGUISED AND UNTIMELY MOTION FOR RECONSIDERATION**

Courts routinely reject attempts to obtain previously denied relief through re-labeled or reformulated motions. In *Funk v. Belneftekhim*, 2021 WL 3774196 (E.D.N.Y. Aug. 25, 2021), Judge Cogan held that when defendants filed a "substantively identical" motion after losing the same argument years earlier, the motion was properly deemed "an untimely motion for reconsideration." *Id*. at *1. The court emphasized that successive motions "deserve special skepticism" because permitting parties to "plug the gaps of a lost motion" would waste judicial resources and undermine finality. *Id*. at *2.

1

Judge Cogan reiterated this rule in *Meehan v. Brookliv LLC*, 2022 WL 523545 (E.D.N.Y. Feb. 21, 2022), explaining that "[n]umerous courts in this Circuit have rejected successive motions seeking the same relief unless they meet the standard for reconsideration." *Id*. at *1. The court rejected the defendants' attempt to relitigate an issue already decided, notwithstanding their effort to restyle the motion. *Id*.

That principle applies with full force here. Defendants previously moved to bifurcate trial between individual liability and *Monell* liability. Judge Holland denied that request in a comprehensive, 21-page Decision and Order, expressly finding that prejudice, juror confusion, and judicial economy all weighed against separating the trial.

Defendants now seek the same functional relief—segregating *Monell* evidence and delaying its presentation unless and until the jury first finds individual liability—based on the same asserted concerns about volume of evidence, juror confusion, and prejudice to individual officers. Calling the request "phasing" under Fed. R. Evid. 611 does not change its substance. As in *Funk* and *Meehan*, this is a successive motion seeking the same relief and must be treated as a motion for reconsideration.

## II. **DEFENDANTS FAIL TO SATISFY—OR EVEN ADDRESS—THE STANDARD FOR RECONSIDERATION**

### A. **Governing Standard**

Reconsideration is an "extraordinary remedy" to be employed sparingly. This Court has explained the standard for reconsideration of a prior decision under Fed. R. Civ. P. 59(e) and Fed R. Civ. P. 60(b):

> A court may grant a motion to alter or amend a judgment [under Rule 59(e)] where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.' " *Anderson v. Granoff, Walker &*

> *Forlenza, P.C.,* No. 11 Civ. 4178 [DAB], 2012 U.S. Dist. LEXIS 66050, 2012 WL 1659186, at 1 [SDNY May 9, 2012] (*quoting Peterson v. Syracuse Police Dep't,* 467 Fed. App'x 31, 35 [2d Cir. 2012]). Rule 60(b) permits courts to grant relief from a final judgment for, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions under Rule 60(b) "are generally granted only upon a showing of exceptional circumstances."
>
> *Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. *See Duane v. Spaulding & Rogers Manuf. Inc.*, No. 92-CV-305, 1994 WL 494651 at *1 (N.D.N.Y. Aug. 10, 1994). A "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." *Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

*Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2020 WL 2833008, at *1 (W.D.N.Y. June 1, 2020)

### B. **Defendants Do Not—and Cannot—Meet the Standard**

Defendants' motion does not cite the reconsideration standard, let alone attempt to satisfy it. They identify:

- No intervening change in law.
- No new evidence.
- No clear error in Judge Holland's reasoning.
- No manifest injustice.

Instead, Defendants expressly acknowledge that Judge Holland denied bifurcation and then argue that "[n]othing in Judge Holland's Order prevents" the Court from granting effectively the same relief in another form.

3

That assertion is legally incorrect. Once the Court has exercised its discretion and rejected bifurcation based on the precise concerns Defendants raise again, Defendants may not simply relabel the request and try again.

Indeed, the very passages Defendants cite from Judge Holland's Decision confirm why their renewed request fails. Judge Holland already considered—and rejected—the arguments that (1) *Monell* evidence would overwhelm the jury, (2) limiting instructions would be insufficient, and (3) judicial economy favored separating liability determinations. *Dempsey v. City of Rochester*, No. 6:19-CV-06780 CDH, 2025 WL 3291822, at *4-8 (W.D.N.Y. Nov. 26, 2025)

The Court specifically found that limiting instructions, motions in limine, and ordinary trial management tools adequately address Defendants' concerns, and that bifurcation would likely increase—not decrease—burden and delay. *Id*.

A motion that simply disagrees with the Court's conclusions, without identifying overlooked law or facts, is not a basis for reconsideration. See *Nossek v. Bd. of Educ. of the Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994) ("a motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge").

### III. ALLOWING DEFENDANTS' MOTION WOULD UNDERMINE FINALITY AND JUDICIAL ECONOMY

As *Funk* cautioned, permitting successive motions after a party "examines a decision and then plugs the gaps of a lost motion" wastes judicial resources and spawns duplicative rulings. 2021 WL 3774196, at *1 (quoting *Dobrosmylov v. DeSales Media Grp., Inc.*, No. 19-cv-5122, 2021 WL 2779303, at *5 (E.D.N.Y. July 2, 2021)).

That concern is acute here, where Defendants already received a full decision after briefing and oral argument.

If Defendants' motion were entertained on the merits, there would be no principled limit on repeated attempts to repackage the same request for relief throughout trial preparation—each time under a different procedural label. The law of the case doctrine and reconsideration standards exist precisely to prevent that result.

IV. **IV. EVEN IF CONSIDERED ON THE MERITS, DEFENDANTS' REQUEST FOR A "TWO-PHASE" TRIAL SHOULD BE DENIED**

Even if Defendants' motion were not procedurally barred as an improper motion for reconsideration, it should still be denied on the merits. Defendants contend that the volume of anticipated evidence and witnesses necessitates dividing the trial into phases. That premise is incorrect. The Federal Rules already provide ample, well-established tools to streamline trial presentation without bifurcation or phased liability determinations.

A. **Any Concerns About Volume Can Be Addressed Through Ordinary Trial Management Tools**

The potential volume of evidence does not justify restructuring the trial. Courts routinely manage complex civil rights trials through reasonable evidentiary limits rather than dividing liability into phases. Here, there are at least three straightforward mechanisms that adequately address Defendants' stated concerns.

1. **Deposition Testimony Can Be Read in Lieu of Calling Numerous Officers Live**

First, the Plaintiffs can rely on reading deposition testimony—rather than calling dozens of officers to testify live—to present overlapping or cumulative evidence. This is particularly appropriate where the testimony concerns training, policies, or historical incidents that are not fact-specific to the *Dempsey* shooting.

The record already contains 28 deposition transcripts of Rochester Police Department officers taken in this case and the related dog-shooting cases, along with the deposition testimony

of Reno DiDomenico and the Buffalo Rule 30(b)(6) witness. Plaintiffs can read those depositions, present video clips of the deposition testimony, and Defendants can call some or all of those witnesses to testify live in their case in chief. Those witnesses alone provide more than sufficient evidentiary foundation for both parties' claims and defenses concerning training, customs, and practices. See Defendants' Exhibit List, ECF 155-4.

Using deposition testimony avoids unnecessary repetition, shortens trial time, and eliminates any risk of surprise testimony from witnesses whose accounts have never been tested under oath.

### 2. The Court Has Broad Discretion to Impose Reasonable Limits on Live Witnesses

Second, the Court may—and should—exercise its discretion to place reasonable limits on the number of live witnesses each party may call. Fed. R. Evid. 611(a) expressly authorizes the Court to control the presentation of evidence to "avoid wasting time" and ensure effective fact-finding.

Defendants' current witness list is facially unreasonable. It identifies well over eighty prospective witnesses, including virtually every Rochester police officer who has ever discharged a firearm at a dog over a multi-year period, as well as those officers' supervisors. See ECF 155-4 def ex list. This is precisely the type of cumulative, overbroad witness designation that Rule 611 exists to prevent.

A reasonable limitation—such as restricting live testimony to witnesses who were actually deposed in this case or the related dog-shooting cases—would fully address Defendants' professed efficiency concerns while preserving fairness to both sides. That universe already includes the 28 deposed RPD officers, Reno DiDomenico, and the Buffalo Rule 30(b)(6) witness, all of whom testified with full notice to both parties.

Limiting live testimony to deposed witnesses also eliminates the risk of unfair surprise inherent in Defendants' current approach.

### 3. Defendants' Witness List Invites Trial by Ambush and Must Be Curtailed

As Plaintiffs explained in detail in their pending motion in limine, ECF 155, Defendants' witness list improperly includes officers who:

- Were never deposed;
- Did not prepare any contemporaneous reports; and
- Propose to testify about incidents that occurred years earlier, often before body-worn cameras existed.

See ECF 155-1.

In most of these incidents, the only post-event record is an Incident Report authored by a supervising officer who was not present and lacked personal knowledge. Under settled evidentiary principles, those supervisors cannot testify to the "circumstances" of the shooting, and the narrative portions of those reports are inadmissible hearsay when offered for their truth. Fed. R. Evid. 602, Fed. R. Evid. 801–805. See 155-1.

Allowing Defendants to call shooting officers who were never deposed and never authored reports would permit precisely what the Federal Rules forbid: trial by ambush. Such witnesses could take the stand and offer untested narratives with no prior disclosure, no opportunity for discovery, and no meaningful ability for Plaintiffs to prepare cross-examination. That result would be manifestly unfair and far more prejudicial than any purported complexity associated with trying Monell and individual liability together.

### B. Phasing Is Unnecessary Where Reasonable Evidentiary Limits Will Suffice

Defendants' motion wrongly assumes that the Court must choose between an unmanageable trial and a phased one. That is a false choice. The appropriate course—consistent

with Judge Holland's prior ruling denying bifurcation—is for the parties to work cooperatively to establish reasonable limits on witnesses and exhibits, focused on:

- Witnesses who were deposed;
- Evidence exchanged in discovery in this case and the related dog-shooting cases; and
- Non-hearsay documentary evidence admissible for proper purposes.

If the parties cannot reach agreement, the Court may resolve these issues efficiently at the pretrial conference by exercising its discretion under Fed. R. Evid. 403 and Fed. R. Evid. 611 to determine:

- The/topics and scope of testimony;
- The number of witnesses each party may call live; and
- The admissibility and use of incident reports and related documents.

Those tools—not phased trials—are the proper mechanism for streamlining the presentation of evidence.

## **CONCLUSION**

Defendants' motion must be denied both procedurally and substantively. Judge Holland already denied the same relief, and Defendants have failed to meet—indeed, failed even to address—the standard for reconsideration. On the merits, Defendants' efficiency concerns are readily addressed through deposition testimony, reasonable limits on live witnesses, and the exclusion of inadmissible hearsay and surprise testimony.

The appropriate path forward is not trial phasing, but disciplined evidentiary management consistent with the Federal Rules.

Dated: December 23, 2025
New York, New York

                                          ~//s//~
                                     Elliot Dolby Shields
                                     Roth & Roth, LLP
                                     192 Lexington Avenue, Suite 802
                                     New York, New York 10016

Phone: (212) 425 1020
Fax: (212) 532 3801
E-mail : eshields@RothandRothLaw.com