UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES DEMPSEY and LEONA DEMPSEY,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, "JOHN DOE" RPD OFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,<br><br>　　　　　　　　　　　　　　　　Defendants. | DECLARATION<br><br>CASE NO.: 19-cv-6780 (MJP) |

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.　　I am an attorney admitted to practice before this Court and associated with Roth & Roth, LLP, attorneys for Plaintiffs Charles Dempsey and Leona Dempsey in this action.

2.　　I submit this declaration in support of Plaintiffs' opposition to Defendants' motion "to try the case in two phases," ECF 163, which Plaintiffs contend is an improper motion for reconsideration of Judge Holland's prior Decision and Order denying Defendants' motion to bifurcate trial.

3.　　I am fully familiar with the facts and procedural history of this action based upon my representation of Plaintiffs, my review of the Court's docket, and my personal involvement in all motion practice, discovery, and trial preparation in this case.

4.　　On November 26, 2025, Judge Holland issued a Decision and Order denying Defendants' motion to bifurcate trial pursuant to Fed. R. Civ. P. 42(b). ECF 131. That Decision and Order addressed and rejected Defendants' arguments concerning alleged prejudice, juror

1

confusion, trial efficiency, and the volume of anticipated evidence. The Decision and Order is part of the Court's docket in this action.

5. Defendants have now filed a motion styled as a request "to try the case in two phases." As set forth in Plaintiffs' accompanying Memorandum of Law, that motion seeks the same functional relief previously denied—namely, separating the presentation of *Monell* evidence from individual liability evidence and delaying Monell proof unless and until individual liability is found.

6. In connection with trial preparation, Defendants have filed a prospective witness list and exhibit list. Defendants' witness list identifies well over eighty prospective witnesses, including virtually every Rochester Police Department officer who has discharged a firearm at a dog over a multi-year period, as well as those officers' supervisors. A true and correct copy of Defendants' witness list is on file with the Court at ECF No. 155-4.

7. Many of the officers identified on Defendants' witness list were never deposed in this case or in the related dog-shooting cases. Most of those officers also did not prepare any contemporaneous written reports concerning the incidents about which Defendants propose they testify.

8. As reflected in Defendants' witness list and related discovery, for many historical dog-shooting incidents—particularly those occurring before the implementation of body-worn cameras—the only post-incident documentation consists of Incident Reports authored by supervising officers who were not present at the scene and lacked personal knowledge of the events described.

9. Plaintiffs have filed a motion in limine at ECF No. 155 seeking, among other relief, to preclude Defendants from offering the narrative portions of those Incident Reports for the truth of the matters asserted, and to preclude supervising officers from testifying regarding the alleged "circumstances" of incidents they did not personally witness, as that evidence is clearly inadmissible hearsay. That motion further seeks to prevent Defendants from introducing surprise testimony from undeclared or undisclosed sources at trial.

10. The discovery record in this case and the related dog-shooting cases already includes 28 deposition transcripts of Rochester Police Department officers, as well as deposition testimony from Reno DiDomenico and a Buffalo Police Department Rule 30(b)(6) witness. Those depositions were taken with full notice to all parties and provide a substantial evidentiary record concerning training, policies, practices, and prior incidents relevant to Plaintiffs' claims and Defendants' defenses.

11. Plaintiffs do not contend that the Court lacks tools to manage the presentation of evidence at trial. To the contrary, Plaintiffs respectfully submit that the Court may address any legitimate efficiency or fairness concerns through ordinary trial-management mechanisms, including reasonable limits on live witnesses, the use of deposition testimony where appropriate, and evidentiary rulings under the Federal Rules of Evidence.

12. Accordingly, for the reasons set forth herein and in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that the Court deny Defendants' improper motion for reconsideration filed at ECF 163.

Dated: New York, New York      Respectfully Submitted,
        December 23, 2025          ROTH & ROTH LLP

                                                 By: _____~/s/~_____

>Elliot Dolby Shields, Esq.
>*Counsel for Plaintiff*
>192 Lexington Ave, Suite 802 New York,
>New York 10016
>Ph: (212) 425-1020

To:   All parties (via ECF)