UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES DEMPSEY and LEONA DEMPSEY,<br><br>                                Plaintiffs,<br><br>-against-<br><br>THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, "JOHN DOE" RPD OFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,<br><br>                                Defendants. | CASE NO.: 19-cv-6780 (MJP) |

**PLAINTIFFS' REPLY TO DEFENDANS' OPPOSITION AND IN FURTHER SUPPORT OF MOTION IN LIMINE TO ADMIT DEPOTSITION TESTIMONY OF 27 ROCHESTER POLICE DEPARTMENT OFFICERS DEPOSED IN THIS AND RELATED DOG SHOOTING CASES BROUGHT AGAINST THE CITY OF ROCHESTER, AND TO ADMIT A SUMMARY CHART OF THE DEPOSITION TESTIMONY, WHICH TOTALS ALMOST 5,000 PAGES**

ROTH & ROTH, LLP
Elliot D. Shields
*Attorneys for Plaintiff*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com

**PRELIMINARY STATEMENT**

Defendants argue that Fed. R. Civ. P. 32(a)(8) categorically bars Plaintiffs from using deposition testimony taken in other related City-of-Rochester *Monell* cases because those other actions were "subsequent" or "later filed," and Defendants claim the rule only allows cross-use from an "earlier-filed" case into a "later-filed" case. Defendants' own opposition acknowledges they are "unaware of any precedent" adopting that filing-date limitation.

Defendants' position fails for three independent reasons. First, the Court consolidated *Monell* discovery (including depositions) across the related cases by joint scheduling order, so the *Monell* depositions were effectively taken "in this action" for Rule 32 purposes, triggering Rule 32(a)(2)'s broad authorization to use deposition testimony "for any other purpose allowed by the Federal Rules of Evidence."

Second, Rule 32(a)(8) is construed flexibly to advance fairness and efficiency; the controlling inquiry is substantial identity of issues and adequate opportunity/motive to examine—not a rigid filing-date rule Defendants cannot support with authority. See *In re Paramount Payphones, Inc.*, 2000 WL 33200179, at *2 (Bankr. S.D.N.Y. Dec. 27, 2000) (Rule 32(a)(8) requirements "construed liberally" in light of "twin goals of fairness and efficiency" and the "critical factor" is whether actions are "substantially identical").

Third, even if Defendants could manufacture a "later action" technicality, Rule 32(a)(8) expressly preserves use of a deposition "as allowed by the Federal Rules of Evidence," and—separately—Rule 32(a)(2) and Fed. R. Evid. 801(d)(2)(D) permit admission of City employees' deposition testimony as party-opponent statements made within the scope of employment while the relationship existed. *Walker v. City of Buffalo*, No. 22-CV-00520-MAV, 2025 WL 828242, at *22 (W.D.N.Y. Mar. 17, 2025) (quoting *Stanphill v. Health Care Serv. Corp.*, No. CIV-06-985-

2

BA, 2008 WL 3927468, at *3 (W.D. Okla. Aug. 20, 2008) (deposition admissible under Rule 32(a)(2) "regardless of whether [the declarant] is 'available'," and Rule 801(d)(2) does not require unavailability)).

I. **The Court Consolidated *Monell* Discovery Across the Related Cases; *Monell* Depositions Were Taken "In This Action," Triggering Rule 32(a)(2) and the Federal Rules of Evidence**

A. **The Amended Scheduling Order consolidated *Monell* discovery (including depositions)**

The Court's Amended Scheduling Order expressly provides that "*Monell* discovery is consolidated in the above cases" and sets joint deadlines for "All *Monell* depositions." Amended Scheduling Order at 2–3, Cox v. City of Rochester, No. 6:22-cv-06207 (W.D.N.Y. Jan. 25, 2023), ECF No. 21.

Defendants' opposition does not grapple with the legal consequence of that consolidation. Instead, Defendants treat the *Monell* depositions as if they were taken in wholly unrelated proceedings—even while acknowledging that the depositions taken in other cases were "adopted by the Court … as part of a joint Amended Scheduling Order."

B. **Under Rule 32(a)(2), deposition testimony taken in the action may be used for any evidence-permitted purpose**

Rule 32(a)(2) provides: "Any party may use a deposition … for any other purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2).

And the Western District has recently reiterated that Rule 32(a)(2) is broad, allowing use for impeachment and "any other purpose allowed by the Federal Rules of Evidence," with admissibility questions generally governed by the Evidence Rules (including Rule 801(d)(2)). *Walker v. City of Buffalo*, No. 22-CV-00520-MAV, 2025 WL 828242, at *22.

3

Because the Monell discovery depositions were taken pursuant to a consolidated *Monell* discovery order that treated *Monell* discovery as a unified track across the cases, the Court can (and should) treat those depositions as taken "in this action" for *Monell* purposes and apply Rule 32(a)(2)'s evidence-based framework.

### C. Fed. R. Evid. 801(d)(2)(D) supplies a direct, non-hearsay route for City-employee deposition testimony

Where the deponent was a City employee at the time of the deposition, testimony concerning matters within the scope of employment is not hearsay under Rule 801(d)(2)(D). *Walker* specifically notes that Rule 801(d)(2) does not require unavailability and supports admitting party-opponent deposition testimony in a party's case-in-chief under Rule 32(a)(2).

## II. Defendants' Filing-Date "Later Action" Theory Has No Support in Rule 32(a)(8) Caselaw, Which Focuses on Substantial Identity of Issues and Fair Opportunity to Examine

### A. Defendants concede they have no authority for their filing-date limitation

Defendants explicitly concede they are "unaware of any precedent" for the proposition that Rule 32(a)(8) bars use of a deposition merely because the deposition was taken in another case that was filed later.

They also acknowledge that at least one court analyzing the issue "declined to state the date" of filing and instead focused on "other aspects," undermining Defendants' attempt to elevate filing chronology into a dispositive condition.

### B. The accepted inquiry is substantial identity of issues and fair opportunity/motive—not a rigid filing-date rule

Courts applying Rule 32(a)(8) construe "same subject matter" and "same parties" liberally to serve "the twin goals of fairness and efficiency," focusing on whether the prior examination

4

would satisfy a reasonable opponent in the present case. *Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, No. 11 Civ. 6202 (DLC), 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014).

Likewise, *Paramount Payphones*—which Defendants do not meaningfully distinguish— holds that Rule 32(a)(8) is "construed liberally" to promote fairness/efficiency and that "[t]he critical factor is whether the two actions are substantially identical," including whether the prior examiner had "the same motivation to cross examine." 2000 WL 33200179, at *2.

### C. The issues and parties are substantially identical here

Plaintiffs' motion explains that the depositions at issue arise from related City cases addressing overlapping *Monell* issues mostly litigated under consolidated discovery order (including training/practices and unconstitutional entries), and Defendants are represented by the same counsel. Defendants do not—and cannot—seriously dispute that (i) the City is a party in both sets of cases, and (ii) the *Monell* issues being litigated are the same consolidated issues the Court ordered to proceed together.

### III. Even Under Defendants' Framing, Rule 32(a)(8) Preserves FRE-Based Use; and Rule 804(b)(1) Supplies an Additional Backstop Where Unavailability Is Shown

### A. Rule 32(a)(8) independently allows use "as allowed by the Federal Rules of Evidence"

Rule 32(a)(8) contains a separate authorization: "A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8).

So even if the Court were to accept Defendants' novel "later-filed" gloss on the first sentence, the rule itself confirms that FRE-based admissibility remains available—including as non-hearsay party-opponent admissions under Rule 801(d)(2)(D) for City employees who were employed when they testified.

5

B. **Former testimony under Rule 804(b)(1) (if needed) turns on "similar motive," not filing order**

"FRE 804 carves out a hearsay exception for "former testimony" by a declarant who is "unavailable." Fed. R. Evid. 804. Unlike FRCP 32(a)(8), FRE 804 explicitly permits testimony that "was given as a witness at a ... lawful deposition, whether given during the current proceeding <u>or a different one</u>," when offered against "a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination." *Id*. r. 804(b)(1) (emphasis added)." *Rao v. Rodriguez*, No. 14-CV-1936 (NGG) (ST), 2017 WL 1753489, at *2 (E.D.N.Y. May 1, 2017); see also *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289, 1295 (6th Cir. 1983) (admission proper where prior defendants had "a similar motive in confronting [the witness's] testimony … [through] searching cross-examination").

## CONCLUSION

Defendants' attempt to convert Rule 32(a)(8) into a rigid filing-date trap is unsupported by authority and inconsistent with how courts apply Rule 32 to promote fairness and judicial economy. The Court's consolidated *Monell* discovery order supplies an independent and case-specific reason to treat the *Monell* depositions as taken "in this action," making Rule 32(a)(2) and the Federal Rules of Evidence the governing framework. And even under Defendants' framing, Rule 32(a)(8)'s own text preserves FRE-based admissibility.

Dated:   December 29, 2025
         New York, New York

             ~//s//~
             ──────────────────────────
             Elliot Dolby Shields
             Roth & Roth, LLP
             192 Lexington Avenue, Suite 802
             New York, New York 10016
             Phone: (212) 425 1020
             E-mail : eshields@RothandRothLaw.com