UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHARLES DEMPSEY,** *et al.,*<br><br>　　　　　Plaintiffs,<br>　v.<br><br>**THE CITY OF ROCHESTER,** *et al.,*<br><br>　　　　　Defendants. | **DECISION AND ORDER REGARDING NON-NOTICED TRIAL BRIEFS TREATED AS MOTIONS IN LIMINE**<br><br>19-CV-6780-MJP |

**PEDERSEN, M.J.** This matter is before the undersigned on consent of the parties. Plaintiffs have filed several documents on the Court's Case Management Electronic Case Filing ("CM/ECF") system labeled on the docket as "Trial Brief," expecting them to be treated as motions in limine. (ECF No. 133, 134, 135, 136, 137 & 138, all filed on Dec. 8, 2025.) The following day, Plaintiffs filed the same motions, this time with Notices of Motion. (ECF No. 147, 148, 149, 150, 151 & 152, all filed on Dec. 9, 2025.) Defendants object to treating the earlier filing as motions because not one contains a "Notice of Motion" as required by the Local Rule of Civil Procedure 7.1. Further, Defendants object to the documents filed on December 9, 2025, as untimely.

I.

Federal Rule of Civil Procedure 7(b)(1) requires that a request for a court order be made by motion. [2 Moore's Federal Practice - Civil § 7.03](). Western District Local Rule of Civil Procedure 7 states in pertinent part: "Notice of Motion. A notice of motion is required for all motions, and must state: the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known." Defense counsel complied with these rules in filing their motions in limine.

Plaintiffs' counsel sent the Court an email on December 30, 2025, at 5:17 PM stating:

> In my entire career, I've never filed a Notice of Motion or a Declaration with a Motion in Limine. I just finished a trial with Judge Block in the EDNY, and all parties just filed memoranda there, without filing notices of motion and declarations.
>
> When I saw that defendants filed notices of motion and declarations with their motions in this case, out of an abundance of caution, I filed the notices of motion and declarations to supplement the previously filed motions.
>
> Thus, Plaintiffs respectfully submit the motions in limine were properly and timely filed on December 8; and to the extent there was any defect in the December 8 motions in limine, we'd respectfully submit there's no prejudice to defendants as the memoranda and the exhibits were filed on December 8 containing all the arguments. We'd also respectfully submit that good cause exists for the mistake in not filing the notice of motion and the declarations as my understanding is that they were not required to be filed with Motions in Limine.
>
> Local Rules have the force and effect of law:
>
> Under Rule 83 of the Federal Rules of Civil Procedure, "[e]ach district court, acting by a majority of judges, may, after giving appropriate notice and an opportunity for comment, make and amend rules governing its practice.... A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit." Fed. R. Civ. P. 83(a)(1) (1995). Local rules have the force of law, *Weil v. Neary,* 278 U.S. 160, 169, 49 S. Ct. 144, 148, 73 L. Ed. 243 (1929), and "a district court's construction of its own rule" will be reversed only if "the appellate court is convinced that the district court has misconstrued its own rule." 12 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3153 (1973) (citing, for example, *Woodham v. American Cystoscope Co.,* 335 F.2d 551 (5th Cir.1964)).

*Petrolite Corp. v. Baker Hughes Inc.*, 96 F.3d 1423, 1426 (Fed. Cir. 1996).

## II.

The local rules of the Eastern and Southern Districts of New York contain language similar to this Court's Local Rule 7:

2

> Local Civil Rule 7.1. Form and Length of Briefs, Motions, and Other Papers.
>
> Except for letter-motions as permitted by this or any other Rule, or as otherwise directed by the court:
>
> (a) Content of Motion Papers. All motions must include the following motion papers:
>
> > (1) A notice of motion, or an order to show cause signed by the court, which must specify the applicable rules or statutes pursuant to which the motion is brought, and must specify the relief sought by the motion….

LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK (*available at* https://www.nyed.uscourts.gov/sites/default/files/uploads/2026-01-02%20-%20edny%20and%20sdny%20joint%20local%20rules%20as%20amended.pdf).

Plaintiffs' counsel also sent an email to the Court stating, *inter alia*: "There's no ECF event for 'Motion in Limine.'" (Email from Elliot Shields, Esq., to Peachie Jones, Esq., *et al* (Dec. 30, 2025, at 4:32 PM.) The Court reviewed the CM/ECF system under "Civil" and "Motions" and searched for "in limine." This was the result:



### III.

Considering that Plaintiffs' counsel regularly practices in this Court, despite having his main office in New York City, the Court expects him to be familiar with the local rules. Filing a notice of motion when seeking a court order has the practical

3

effect of quickly outlining the relief sought and the basis for that relief. Further, using the "motion in limine" filing event in CM/ECF facilitates the Court in finding motions that need to be addressed. The system adds a small picture of a gavel next to each unadjudicated motion to call the Court's attention to it.

### IV.

Notwithstanding Plaintiffs' counsel's initial failure to provide a notice of motion, the oversight was quickly corrected, and the Court will consider each motion in limine filed on December 8 as timely filed. To the extent the Court is unable to rule on any of the motions before or at the pretrial conference, it will consider scheduling a second pretrial conference to address any issues not resolved that require resolution prior to trial.

Further, all motions filed after the court-set deadline will be addressed at the pretrial conference, or at a second pretrial conference if that becomes necessary.

**SO ORDERED.**

Dated: December 31, 2025
       Rochester, NY

/s/ Mark W. Pedersen
MARK W. PEDERSEN
U.S. MAGISTRATE JUDGE